THE WESTERN SASH & DOOR COMPANY, Appellant, v. GRUNDY YOUNG et al., Respondents.

### Kansas City Court of Appeals, March 7, 1892.

Payments : APPLICATION OF. Y. borrowed money for the erection of two distinct buildings from an investment company with which he left it to be paid out of the orders of the mechanics doing the work, and it was understood that the orders should designate for which building each particular lot of material was procured. *Held*, such orders with such designation was a direction for the application of the payment the orders made, and the material-man could not credit such orders as payment on an old account due him from such mechanics, but must credit them to Y.'s account for the particular building designated in the order.

*Appeal from the Jackson Circuit Court.* — HON. JAMES GIBSON, Judge.

AFFIRMED.

*Lathrop, Morrow & Fox*, for appellant.

( 1 ) The court erred in giving instruction 1, asked by the defendants. It proceeds upon the theory that Grundy Young furnished the money through the Midland Investment Company to pay the bills of the plaintiff for materials for the property at Ninth and Walnut, and at Fifth and Agnes streets, when there is not a syllable of evidence that Young had anything whatsoever to do with the Fifth and Agnes property, or ever

furnished a dollar to pay for materials. (2) Ballentine & Foster were, so far as the plaintiff was concerned, the principals paying out their own money, with full power to direct its application, and to agree with the plaintiff to what particular account it should be applied. The rule of this state as stated in *Gantner v. Kemper*, 58 Mo. 567, is that the debtor has the right to make the application. While as between the principal, Ballentine & Foster, and their agent, the investment company, the order specified to what account the order should be charged by the investment company, this is a matter of bookkeeping between them, which in no way affected the application to be made by the plaintiff and Ballentine & Foster, the debtor and creditor. Suppose that Ballentine & Foster had gone to the investment company with the order and procured the money on it and had paid it to the plaintiff, could it be contended that the plaintiff would be concluded from applying it as they should direct, by any arrangement between the investment company and Ballentine & Foster, whether known to it or not? *Waterman v. Younger*, 49 Mo. 313; *Gantner v. Kemper*, 58 Mo. 567; Phillips on Mech. Liens, sec. 287, *et seq.;* 15 Am. & Eng. Ency. Law, p. 97. (3) We submit that Grundy Young is estopped from claiming any other or different application of the money received by plaintiff on Ballentine & Foster's orders than that made by the plaintiff. He stands in this attitude. He keeps himself back in the dark, putting Ballentine & Foster in possession of the property and permits them to construct the building, making bills in their own name. This, as held by the court in *Chambers v. Benoist*, 25 Mo. App. 520, was a declaration that they were the owners so far as the mechanics' lien was concerned. (4) The plaintiff's collector had no authority to bind plaintiff by his alleged agreement with the Midland Investment Company. He was an agent to collect and had no authority to accept anything but cash or to compromise

indebtedness. *Wheeler v. Givan*, 65 Mo. 89; *Atlee v. Fink*, 75 Mo. 100; *Buckwalter v. Craig*, 55 Mo. 71.

*S. W. McCaslin* and *Jas. H. Harkless*, for respondents.

From our abstract it clearly appears that they had an agreement with Grundy Young, by which they, the Midland Investment Company, were to furnish the money for Grundy Young on both properties, and further shows, as well also, the testimony of W. J. Brewster, that Grundy Young procured them to loan the money on both of these properties.

GILL, J.—This action was brought by the plaintiff company against defendant Young, to recover $195.55 on account of certain material alleged to have been furnished in the construction of a building near the corner of Ninth and Walnut, Kansas City. The defense of payment was interposed. On this issue the verdict and judgment were for defendant, and plaintiff appealed.

As tending to prove payment of the account sued on defendant introduced evidence to the following effect: In the early part of 1890 defendant Young arranged with the Midland Investment Company to furnish him the means necessary to construct two houses in Kansas City, one at Ninth and Walnut streets and the other at Fifth and Agnes streets. The money was to be drawn on each piece of property as needed, and on the order of Ballentine & Foster, mechanics doing the work. Ballentine & Foster, as agents for Young, contracted with the plaintiff sash and door company for the doors and windows for the two buildings. Prior to February 14 the plaintiff furnished the doors for the Ninth street house; the bill amounted to $153, and it was paid by Young through his agents, the investment company, on a written order signed by the builders, Ballentine & Foster. As it was agreed this

and other orders were made to designate the particular building for which the respective payments were made. And it was further agreed between the Midland Investment Company and plaintiff, that if there should be any overpayment on account of one of the buildings the surplus should be applied to the other house. So then if the aggregate payments on the two buildings (the Ninth street and the Fifth and Agnes property) covered all of the materials furnished, the result was that the plaintiff was fully paid. The entire amount of materials furnished by the plaintiff on the two buildings was $548.78, and the payments thus made by the Midland Investment Company for Young aggregate $613.75. Defendant, therefore, claimed that plaintiff's account was fully paid. It may be well to say here that the Ballentine & Foster orders given to plaintiff on Fifth and Agnes exceeded the amount due thereon, but the order as to the Ninth street property fell short of the amount due on that account; but the surplus on the first more than covered the deficiency on the latter.

Now the controversy here arises from this fact disclosed by the evidence: Ballentine & Foster owed the sash and door company on an old account, and, instead of applying these payments toward the payment of bills purchased for Young, the plaintiff credited the money received on these orders to the old account of Ballentine & Foster. On this state of the evidence the court instructed the jury as follows: "The court instructs the jury that if you find from the evidence that the defendant, Grundy Young, was furnishing money to pay the bills of the plaintiff through the Midland Investment Company, for materials furnished to the property at Ninth and Walnut streets and at Fifth and Agnes streets, and that the improvements were being constructed and the lumber being furnished by the plaintiff to both of the said properties at or about the same time, and that the plaintiff was to receive its money on both of said properties from the Midland

Investment Company as the agents of Grundy Young, and that it was understood between the Midland Investment Company as the agent of Grundy Young and the plaintiff, that if any payment that they should make plaintiff on account of materials furnished to said properties should overpay the account against either building, that such overpayment should be credited upon the other building, then you are instructed that if the total amount so paid equaled or exceeded the balance due upon both properties then you will find the issue for the defendant." The jury credited the plaintiff's evidence, found the facts upon which the foregoing instruction was predicated, and gave a verdict for defendant.

The statement of the facts of this case, as they were found by the jury, necessarily suggests its decision. The inherent justice appearing on the face of these facts (so found by the jury) concurs with the law in awarding the judgment in defendant's favor. Defendant Young borrowed money and left it with the loaners (the Midland Investment Company) to be paid out for the improvement of the mortgaged property. The investment company, as agents for Young, and to protect themselves, arranged to pay out as the bills accrued. Hence Ballentine & Foster, also agents of defendant, were required to name in the order for what it was given, and the property to be charged with the payment. The plaintiff in furnishing the materials was fully advised on the face of the orders for what account the payments were made. The application of each payment was made in writing, definitely, and without any concealment. Plaintiff sold his goods to Young and had received full payment therefor; hence, cannot recover for a second charge. This suit is based on the theory (and, indeed, it is so alleged) that Ballentine & Foster purchased this material as agent for Young. If then they were Young's agents to purchase why not his agents to pay therefor? They did buy for and on

account of Young, and plaintiff so alleges, and it is equally clear that payments they made out of defendant's money were made as Young's agents.

In short, after a full consideration of counsel's brief, we discover no reason to set aside this judgment. The case was fairly submitted on instructions covering every substantial feature of the controversy, the judgment was manifestly for the right party, and is affirmed.

All concur.